*227 The opinion of the Court was delivered by
Smith, C. J.
After stating the motion, he proceeded thus: —
The ground of this motion is that one of the jury who tried the cause was not impartial and indifferent.
Our first inquiry is as to the facts stated.
And here there seems to be no doubt, from the evidence. The juror in question had heard the cause tried on a former occasion, and declared to sundry persons that, in his opinion, plaintiff must and ought to recover, and that, if he had been on the jury (wliich did not agree), he would have kept them together till they had agreed for plaintiff. And, when the jury were impanelled for the trial of the cause at May Term, 1807, the same juror, on being called on at request of defendant, Sumner, declared that he had never heard the cause tried, and that he had neither formed nor declared any opinion, (a)
Supposing the facts established, — and I think they are clearly established, —
I. Was it good cause of challenge ?
It is amongst the most essential rights of our citizens to be tried by judges, which includes jurors, as impartial as the lot of humanity will admit. Const., Part I., Art. 85. This is no new right granted by the Constitution. The common law speaks the same language. 1 Sell. 475 ; Gilb. C. P. 95, &c. The theory of the common law is “ that jurors should come to a trial with minds like white paper, upon which prejudice, passion, or calumny, hope, interest, or fear, have made no stain or blot.” 8 Burr. 1856. The law has so watchful an eye to the pure and unbiassed administration of justice, that it will never trust the passions of mankind in the decision of any matter of right. Hence it is that the smallest degree of *228 interest in the matter to be tried disqualifies a juror. The law considers him as under an influence which may warp his integrity or pervert his judgment, and therefore will not trust him. But interest is not the only thing that warps the judgment. Kindred often creates a strong bias on the mind. Having been counsel or arbitrator for a party has often the same undue influence. So, having tried the cause before, in a lower court, by our statute, expressly disables a judge from trying it in a superior court to which he may be removed: N. H. Laws, ed. 1805, 91, 95; and yet the judgment appealed from is, as it were, annihilated by the appeal. So, having tried the cause before as a juror, having declared an opinion, having prejudices in relation to the question to be tried, or prejudices in favor of or against either of the parties. We know that affection will blind the eyes; it will warp the judgment; a prejudiced man of strong mind and honest heart will sometimes find it difficult to hold the balance of evidence perfectly even; and an honest, but weak, man may be so biassed as to think he is governed by his evidence, when in truth he is governed by his feelings and his prejudices. 3 Gr. Bacon, 756. All these are causes of challenge.
Those are said to be principal causes of challenge which carry with them primé facie evidence, marks of suspicion, either of malice or favor. Trials per Pais, 132. Interest, kindred, having taken money for his verdict, &c., are of this description. If the fact be proved, it is the duty of the Court to set the juror aside. The law presumes the bias. The Court has no discretion to exercise, but barely to judge of the evidence of the fact. But, where the objection is only some probable circumstance of suspicion, such as great intimacy and the like, this is said to be challenge only to the favor. And in England, and in some of the States in our Union, this challenge is tried by triors; and, respecting these challenges, there do not seem to be any fixed rules. That such exceptions should be received and tried demonstrates the anxiety of the law that jurors should be omni exceptione majares.
In this State, I apprehend, we never have adopted the dis *229 tinction between principal challenges and challenges to the favor. All challenges are tried by the Court;[1] and, if it appears to the Court, judging on the broadest ground, that the juror does not stand indifferent in the cause, he is set aside. Stat. ed. 1805, 108.
In England, the distinction seems'to have arisen from the circumstance that the writ to the sheriff to summon the jury laid down certain rules for his government; such as that the persons summoned should be free and lawful men of the county, of certain qualifications in point of property, by whom the truth of the matter might be the better known, and who are in no wise of kin to either party. This writ was supposed to specify all causes of objection from partiality or incapacity. The word “ free ” was understood to mean, not only one having freehold lands, but freedom of mind, — one who stands indifferent, no more inclining to the one side than the other. If the person returned by the sheriff manifestly did not come within the intent of the writ, this was a principal challenge; and the Court, on being ascertained of the fact, declared the juror incompetent. But experience soon showed that there might be other circumstances which induced a 'suspicion of partiality, though no express malice or favor. Here the Court referred it to certain persons to judge, in their discretion and conscience, whether the juror was indifferent as he stood unsworn. 8 G. Bacon, 751, 756 ; Tidd, Prac. Forms, 199; Gill). C. P. 95, &c.; Co. Litt. .156 b; Trials per Pais, 148.
Perhaps our courts would feel themselves bound to exclude the juror on satisfactory evidence as to the truth of the fact, in the case of a principal challenge ; but, where the challenge is of the kind called challenge to the favor, they would exercise the same wide range of discretion the triors do in England. Co. Litt. 257 b; 8 G. Bacon, 748.
In some books we find it laid down that, if the juror hath declared his opinion touching the matter, it is a principal *230 cause of challenge. In others, where the principal challenges are professed to be enumerated, we find this omitted. 3 G. Bacon, 756 ; 2 Tidd, 780 ; Trials per Pais, 141; Trial of Fries, 2d appendix, 42. But neither of these quote any authority. In one place it is said, if a juror declare the right of one party, or give his verdict beforehand, it is a principal challenge; but, if lie promise a party, this is a challenge to the favor only. Lord Coke (Co. Litt. 157 5) and Blackstone mention, as principal challenges, having given a verdict, but not opinion. See also Fries’s Trial, 2d appendix, 19, 31, and the books referred to. The truth is, that having previously declared an opinion may afford evidence, more or less strong according to the circumstances, of suspicion of bias or partiality. If a man had heard a cause, and should merely express an opinion in- favor of one party, it would afford but slight evidence of bias or partiality.[1] It is laid down in Trials per Pais, 141, 'that, if a juror say he will pass for one party because he knows the verity of the matter, this is no challenge ; but, if it appear from the circumstances to be from favor and not from knowledge, it is a good challenge. Expressions of this sort are supposed to indicate malice, or at least prejudice, if used by a person after returned as a juror. “ The defendant is guilty, he shall be hanged: ” 5 St. Tr. 8vo, 125; N. H. Laws, ed. 1797, 110 ; or, as in the case of Fries, “ I am not safe at home for the insurgents; they ought all to be hung, and particularly Fries : ” 3 Dali. 517 ; or these words, “ There will be no safety in the country till the defendant is either hanged or banished: ” Law, C. P. 133. 7 Mod. 57, cited in Bacon, Trial, overruled on authority of 2 Hawk. P. 0.589. This was on motion for new trial. Curran’s Speeches, Rowan’s Trial, 60. In 2 Hawk. P. C. b. 2, c. 43, § 28, p. 589, it is said to be a good cause of challenge that the juror hath declared his opinion beforehand that the party is guilty, or will be hanged, or the like. 5 St. Tr. 8vo, 124. But, if it shall appear that the juror made such declarations from his knowledge of the cause, and not from any ill-will to the *231 party, it is no cause of challenge. Knowledge is no proof of malice, and knowledge of the particular cause no exception to a juror; certainly it was none in ancient times. The Circumstances attending the transaction must determine whether the juror is indifferent or not. 5 St. Tr. 8vo, 125. Our statute mentions this as a cause of challenge, ed. 1805, p. 108. Indeed, it allows the party to ask the juror if he is sensible of any prejudice in the cause. Ilis prejudices may be proved, and every thing which goes to show that he does not stand indifferent. Cases may easily be supposed where it would be extremely inconvenient to lay it down as a rule, that the mere declaration of an opinion, especially a general opinion, should disqualify a juror. Trial of Fries, 208, Judge Peters, 2d appendix, 42. Yet, in general, it is better that this exception should prevail as a cause of challenge. There are few men who would choose to have their causes tried by men who had expressed an opinion against them, and fewer still who would not choose to have their adversary’s cause tried by just such men. Perhaps there are few men who are not influenced by their own previous opinions, especially when they have publicly declared them. There is in the human mind a certain obstinacy, which leads men to adhere to opinions once formed. When opinions have been declared, the case is stronger. Our pride is then engaged on that side. Stronger still when the juror has been arbitrator, juror, or indictor in the same cause. Here he has given a solemn opinion, and, in the two latter instances, under oath. These, clearly, are principal challenges ; and yet it has been held, that having been arbitrator is, in some cases, no cause of challenge; as if he were chosen indifferently, not informed of or acted in the cause-. Gilb. C. P. 95, &c.; Trials per Pais, 146 ; 2 Hawk. b. 2, c. 48, § 27; Salk. 153.
II. Supposing what has been stated and proved in this case to be good cause of challenge, good cause for setting the juror aside as prejudiced, or as not standing indifferent in the cause, — and I have no doubt that it was a good cause of challenge, — the next question is whether the juror in this case was challenged. If he was challenged, and the challenge overruled, *232 it would then seem to be no cause for setting the verdict aside. The defendant requested the juror to be put to answer whether he had formed and declared an opinion, &c.; and the answers were in the negative. This was a challenging of the juror.' According to our practice, no minutes of such challenges are made or entered on the docket. No formality in making a challenge is required. The motion or request of the party to the Court, that the juror may be put to answer, is a challenge. The party has his election (and the statute does not take it away ; it gives it as the common law did- in most cases) (a) to offer proof of the challenge, or to put the juror to answer on his voir dire. If he elect the latter, he is precluded from going into evidence, and a fortiori precluded now from going into evidence to disprove the answer. If he suffers an injury from taking this course, it arises from his own negligence, or, at least, from his own act. If he chose then to pay the juror the compliment of taking his own declarations for evidence of his indiffex-ency and impartiality, he shall not now be permitted to take a different course. He chose then to treat the juror as a gentleman of hoxior, an honest, fair man. He~ shall not now coxxsider him as a knave, and as actuated by malice towards him. This justice is due to the juror. The regularity of proceedings in courts of justice requires it. The party might have required the juror to be sworn ; and, according to our practice, he might dispense with the oath and take his word. He would have beexx sworn, if the party had not waived it. In this examination it did not appear to the Court that the juror was not indifferent. If the Court erred in overruling the challenge (but in this ease there is no pretence for such an allegation), I have found no case where it has beexx coi'rected on a motion for a new trial after verdict. If it be said that the party waived the exceptioxi or challenge, and that there was no formal *233 challenge or regular decision upon it, it will come to the same thing; he shall not now avail himself of what he waived then.
III. But supposing this good cause of challenge, and that no challenge was made; or, if made, waived in such sort that the party is not thereby precluded ; and supposing also, what cannot appear, that the party did not then know of the cause of challenge, —it is no ground for granting a new trial.
It is of importance that causes should be tried by an impartial jury ; hut it is of equal importance that there should be some end to litigation.
If it be once established as a principle that the party shall have the same advantage, on motioir to set the verdict aside, of exception to a juror, as at the time of impanelling, there will be few challenges, and frequent trials in addition to the number provided by the profusion, I will not call it liberality, of our law. The party who has a just cause of challenge to a juror will generally find it Lis interest to take his chance of a trial. If the verdict suits him, we shall hear nothing of the exception ; if unfavorable, we are then, on this doctrine, to try the cause over again, though complete justice may have been done by the verdict. 12 Mod. 567, 584.
There is nothing in the books, or our practice, which gives countenance to so extravagant a doctrine. But a distinction is attempted, and cases may be found which countenance it, that, if a party did not know of the cause of challenge at the time, he may have the advantage of it on a motion for a new trial. 6 G. Bacon, 66 a 1; 7 Mod. 54. It would be a sufficient answer to the doctrine founded on this distinction, that it will generally be impossible to ascertain the fact of the ignorance of the party. It is easy to suppose that an artful man will conceal his knowledge, that he may turn it to the greater account. If the verdict is for him, his knowledge will do him no hurt. If against him, the burden will be on the other side, to prove that he knew of the ground of objection. In none of the cases where this distinction has been acted upon have I been satisfied that the party was as ignorant as he pretended to be. Sure I am, that by using due diligence, he may *234 have sufficient knowledge of all just exceptions to the jurors. I speak of the panel in our mode of choosing them.
We find but little in our books on the subject of challenges. The reason is, because the old books of reports do not give any account of decisions on motions. The modern ones cannot; such motions being rarely made in a formal manner. So many jurors are attending, that, in England, the clerk usually calls only those against whom there is no objection on either side, and the Court are not troubled with the matter. 1 Sell. 475, 476, 503. Tidd (II. 816), in enumerating the principal grounds for granting a new trial, does not mention, as one of them, the ground on which the present motion is predicated.
I think, however, that, from an examination of the cases, we shall be able to find a rule clearly and distinctly marked, which must govern the present case.
Where the writ of venire facias was, by mistake, made returnable after the assizes, a new trial was granted after verdict. 1 Sell. 311; 6 G. Bacon, 660, &c. Here there was no legal jury át all; and it is laid down generally that a venire facias de novo may be granted where the jury was improperly chosen or returned, as well as where they improperly conducted themselves. 2 T. R. 126, notes; 2 Tidd, 830; 2 Strange, 887 ; 1 Wils. 55. But if the irregularity be such only that the return is not void, but the party may waive it, if he go to trial he shall not avail himself afterwards of the irregularity. Many irregularities or defects in convening, or in the qualifications of, jurors, are aided after verdict. 3 G. Bacon, 772; Trials per Pais, c. 12, 199-212.
If the under-sheriff were attorney in the cause, and returned the panel of jurors, a new trial will be granted. 1 Sell. 512 ; Cowp. 112. Here the jury was chosen and returned by the attorney of the party that prevailed. It was misbehavior in the party to suffer his attornej' to choose the jury, for which he well deserves to be punished by the loss of his verdict.
A new trial was granted, because the foreman of the jury had declared that the plaintiff should never have a verdict. 1 Sell. 512 ; 6 G. Bacon, 668; Salk. 645. If this declaration were made (and it does not appear from the report when it *235 was made) after the jury wore impanelled (and the word “foreman ” in England implies as much), it is no authority in favor of the defendant, for it could not be cause of challenge. And verdicts are frequently set aside for misbehavior of jurors.
A new trial was granted, because one of the jurors declared, at the view, that, by what they had seen (and they had seen only for one side), they should soon determine the dispute; and afterwards, before the trial in court, that, right or wrong, he would give the cause to the plaintiff; he was a neighbor. Com. G01. This decision was in the Exchequer, and against the opinion of one of the barons. Possibly it might be considered that the view made part of the trial; so this was misbehavior at the trial, or after the trial begun.
A new trial was granted because one person answered for another, or to another’s name, and was sworn as a juror. Here a person tried the cause who was not chosen, or returned, a juror. The cause was tried by eleven jurors only. This was not a matter of challenge. 1 Sell. 512; 2 Burn, 363 (453) ; 1 Sell. 477.
A juror on the principal panel was challenged, and after-wards sworn on the tales by a wx’ong name. A new ti-ial was granted. The grounds, if there were any, on which this decision was made are not stated. It is believed, however, that it was this, that a persoix returned by a wrong name is ixot considered as returned at all, so that there were but eleven jurors. 1 Sell. 512; Strange, 640 ; 2 Ld. Raym. 1410 ; 6 G. Bacon, 661; Cro. Eliz. 429, 430; Trials per Pais, 156.
Cooke's Case, cited in Fries's Trial. The question seems to have been whether good challenge or not. It does not appear that there was any motion for a new trial. 5 St. Tr. 8vo, 118.
To these may be added the decision in United States v. Fries, 3 Dall. 517. It is sxxflicieixt to say, of this case, that the Court were eqxially divided iix opinioxx; and that the opinion which finally prevailed neither gave satisfaction at the time nor since. It was rather the effect of the judge’s extraordinary humanity thaxx the'result of his law knowledge.
*236 It seems in Connecticut, at a certain time, the distinction we have been considering was recognized. 2 Swift, 232; Kirby, 13, 62, 133, 166, 184, 280. It seems, however, that the Court go into an inquiry whether the previous declarations of ,the jurors influenced the verdict; which is certainly incorrect.
But it seems the same Court has decided, that it is no cause for granting a new trial that one of the jury tried the cause in the lower court, though a good challenge, because it is waived ; so that matter which is only challenge to the favor is no cause of granting a new trial.
Notwithstanding some of the cases cited seem to countenance the doctrine contended for in behalf of the motion in the present case, yet it is conceived that the rules and general principles of law and practice are against it. And a strong argument may be drawn against allowing an exception to prevail, on a motion for a new trial, which would have been good by way of challenge, from analogy to proceedings in other cases.
Respecting pleading, it is well known that the party may, and often does, waive good matter of defence by not pleading specially, — matter of abatement, by not pleading it in due time. Bad service, or no service, of the writ, is waived by appearance and pleading over. The statute of limitations is waived when not pleaded. 'Many exceptions which would be good on demurrer are not so in arrest of judgment, i. e. after trial; not good in error, for the same reason. Irregularities sufficient to overthrow the proceedings are waived, if the party overlook them and take subsequent steps. 3 G. Bacon, 774; Co. Litt. 157 b, 158 a ; Com. 525 ; Co. Litt. 303 ; Manuscript Essay, Error, 63-73 ; 1 Tidd, 433, 435 ; 1 East, 77, 330 ; 7 T. R. 542, 543, &c.
And the law respecting challenges is, that they must be made within certain times, or they are waived. After a juror is sworn, no cause of challenge can be alleged, except it arose after the swearing, unless by consent; a fortiori after verdict. Co. Litt. 158 a; 6 G. Bacon, 764; Trials per Pais, 152; 2 G Bacon, 492, 493 ; 1 Strange, 70. So challenges must be taken all at once. 2 G. Bacon, 492, 493. Being related to the party is *237 a principal cause of challenge, and yet we find a new trial was refused, and the reason given, because the other party, who might have challenged this man, ought to suffer for his neglect. 6 G. Bacon, 661. So, where the juror had a suit depending with the plaintiff, which is a principal cause of challenge (Tidd, 780; 3 Blackst. 363), against whom the verdict was found, a new trial was refused; and, by the Court, Why did not the plaintiff challenge this man? 6 G. Bacon, 661.
Tt has been often decided, that, if a party does not produce a record of conviction to prove a witness infamous, he shall not have a new trial on this account. For he ought to suffer for his neglect. 6 G. Bacon, 672.
So it is rare that any objection to the competence of a witness is allowed to prevail, on motion for a new trial, for the same reason, unless the other party be in fault. 6 G. Bacon, 672 ; 1 T. R. 717.
So a new trial has been refused, where it appeared that a material witness made a mistake in giving his testimony ; and that on account of the great inconvenience which would result from the contrary practice. 1 T. R. 717.
Our law has furnished parties with all the means of knowing, before the jury are impanelled, every exception, every thing which shows them not indifferent. They must be chosen in open meeting; six days, at least, before the sitting of the Court. If all legal exceptions are ,not discovered till after the Court, the other party, and the public, have had to encounter the trouble and the expense of a trial; the law justly imputes it to the want of due diligence. Indeed, there is not the same reason for strictness, as it respects the qualifications of jurors, as in ancient times ; because, with us, the party may have three trials as a matter of course ; and the verdict may, after all these, be set aside, if clearly against law or evidence, independent of any exception to the jurors.
But this question has been lately decided in the Circuit Court of Pennsylvania, 4 Dall. 354, on a review of all the authorities, that alienage, though a good cause of challenge (2 Tidd, 780), before verdict, is no ground for a new trial. So it has been decided in this State. In Gregory & Pickard *238 v. Wells, Grafton, May Term, 1807 (reported in N. H. Laws, ed. 1805, 109), which was a review, and the plaintiff recovered .upwards of $1,400, there was a motion for a new trial, on the ground that one of the jury who now tried the cause on review was on the jury who tried the cause on the appeal, (a) Though this undoubtedly was a good cause of principal challenge, yet the motion was overruled, and there was judgment on the verdict the same as before. 3 Blackst. 363; 3 G. Bacon, 757; 6 G. Bacon, 654, 655. This decision was made in conformity to former determinations in Rockingham and Strafford, though I am aware that there have been contradictory decisions in this State on this, as on most other subjects. For my own part, I see no objection to laying it down, as a general rule, that what might be taken advantage of by way of challenge shall not avail on motion for new trial, with the exception only of the cases where there has been gross misconduct in the other party as well as in the juror, such as bribery, &c.; and the knowledge or ignorance of the party, as to the existence of the causes of challenge at the time of impanelling the jury, will make no difference in the case. Co. Lift. 157 b, n. 5 ; Trials per Pais, 146, 147.
As the question before the Court is important to one of the parties at least, involving, as it is said, the loss of all his property, and, perhaps, the property of others, I have thought it my duty to give it the fullest consideration. As it relates to our practice, it is of importance that the rule should be settled and known. Other motions for new trials are addressed to the discretion of the Court, and the Court will refuse, even where there may have been a misdirection of the Judge, improper evidence admitted or rejected, if justice has been done. 4 T. R. 468; . 3 Wooddes. 353; Lofft, Evid. 1198; 3 Blackst. *239 892. The trifling nature of the canse, the hardness of the action, and a variety of other things, mingle in the consideration and decision of the question. But it is not so here. If the party has not had a fair trial, and has not waived his exception by not taking it in season, the Court are bound to grant a new trial. I should have been satisfied with the verdict, if it had been the other way. But this has no influence on my judgment, because what the party now claims is a matter of right. It has been my earnest endeavor, and I have spared no pains, that he should have a legal decision; that he should have that justice meted out to him which is dispensed to others in like circumstances.

New trial refused ; and judgment on verdict, 

(a)

[The compiler has inserted here the following condensed reports of other cases in the manuscripts, bearing on this topic:] —
In Caldwell v. Caldwell, Strafford, September Term, 1802, there was a verdict for defendant. Motion for new trial, on the ground that one of the jurors who tried the cause at this Term sat on a former trial of the same cause, in which there was a verdict for the plaintiff (which was set aside). The motion was refused. The Chief Justice did not sit in the trial of this cause. In his Manuscript Digest, the note of this decision concludes with the remark, “ the same juror had decided both ways.”
In Gregory & Pickard v. Wells, cited in the opinion in Temple v. Sumner, it appears (both from the Manuscript Digest, and from the note in Judge Smith’s copy of N. H. Laws, ed. 1805, 109) that the verdict on the second trial was *240 the same way as upon the first trial. The fact that one of the jurors at the second trial sat on the first trial was admitted.
G. Livermore, for Wells.
Chamberlain, for Gregory & Pickard.
Per Curiam.
This was good cause of challenge; but, being waived, it is no cause for granting a new trial.
State v. Clarke, Rockingham, February Term, 1809, was an indictment for forgery. The defendant, having been convicted, moved for a new trial, and in arrest of judgment. These motions having been overruled, he moved to set aside the verdict because one of the jury was not duly chosen and returned.
Attorney-General, for State.
Mason, for defendant.
The Court
intimated that it was too late to make this motion after a motion in arrest of judgment; but that, if made at any time after verdict, it was too late; and that Temple v. Sumner, determined in the county of Cheshire, was an authority in point.
The cause was continued for sentence, which was pronounced at September Term, 1810.
In the Manuscript Digest, in connection with the above cases, reference is made to Kirby, 184; Commonwealth v. Hussey, 13 Mass. 221; Knight v. Freeport, 13 Mass. 218.[1]

 The only express evidence of partiality or malice is the denial that he had formed and declared an opinion, and that lie had not heard the cause. Might he not forget? Some persons hastily form, hastily declare, and as hastily forget, opinions. The next time they speak on the subject, they express an opposite opinion. Perhaps, when he said he had not heard the former trial, he might have meant that he did not hear the whole; and, as he was merely a spectator, it is probable he did not.

 Rollins v. Ames, 1821, 2 N. H. 349; State v. Pike, 1870, 49 N. H. 399, 406, 407.

 See State v. Pike, 1870, 49 N. H. 399, 407.

 The cases where the juror may not be interrogated are those where the answer may be to the discredit or disadvantage of the juror. 3 Blackst. 364; 3 G. Bacon, 764-766; Salk. 153; Tidd, 781. The question whether he had given his opinion seems, in some cases (I think improperly), to have been considered as an improper question.

 Grafton, Superior Court, May Term, 1808, No 23, John Porter, plaintiff in review, v. William Greenough. Verdict for defendant; balance', set-off, $29.45; former jury gave $20. Motion for new trial, Ex parte Porter, because Jonathan Cumings, a juror on this trial, sat as a juror at the Superior Court, on the trial on the appeal.
Per Curiam. This was good cause of challenge, but no cause for new trial. See docket of that Term. ■ •

 See 11 Mod. 119; Bull. 307; 0 G. Bacon, 661-668; Salk. 645; Tidd, 817; 1 Sell. 512.
[The following memoranda relating to Temple v. Sumner may have been intended for insertion as a note:] ■—
Dangerous to take B.’s account of the matter, even on oath. May be collusion; may have been in sentiment against verdict.
As much business of one side that jurors be sworn as the other, — both may waive it.

 The decision in Temple v. Sumner is in conflict with Wiggin v. Plumer, 1855, 31 N. H. 251, and perhaps with Tenney v. Evans, 1843, 13 N. H. 462.
But it is very strongly sustained by State v. Howard, decided in 1845, but not reported until 1864, 17 N. H. 171, 196-200.
In support of State v. Clarke, reported in the addenda to Temple v. Sumner, see the cases which hold that objections to the legality of the drawing of a juror cannot be taken after verdict, if the grounds of the objection appeared on the venires and returns : State v. Hascall, 1833, 6 N. H. 352; Bodge v. Foss, 1859, 39 N. H. 406; Pittsfield v. Barnstead, 1860, 40 N. H. 477; or if the grounds of objection appeared on the records of the town: Wilcox v. School District No. 1 in Lempster, 1853, 26 N. H. 303 (and see Wentworth v. Farmington, 1871, 51 N. H. 128).